## SYSTEM FEDERATION NO. 59 OF RAILWAY EMPLOYEES DEPARTMENT OF AMERICAN FEDERATION OF LABOR v. LOUISIANA & A. RY. CO.

### No. 75.

District Court, W. D. Louisiana, Shreveport Division.

March 13, 1940.

For former opinion, see 30 F.Supp. 909.

Mulholland, Robie & McEwen, of Toledo, Ohio, Floyd D. Culbertson, Jr., of Minden, La., and Jones & Jones, of Marshall, Tex., for plaintiff.

A. L. Burford, of Texarkana, Ark., and T. W. Holloman and White, Holloman & White, all of Alexandria, La., for defendant.

PORTERIE, District Judge.

Plaintiffs have been permitted to amend their original complaint.

The alleged present position of the plaintiff is, as quoted from the conclusions of its present brief, as follows:

"(1) The original agreement of August 1, 1929, as regards seniority rights, has never been abrogated and is still in full force and effect.

"(2) If the original agreement of August 1, 1929, was abrogated as regards seniority rights, a new agreement was entered into by and between the plaintiff and the defendant under date of February 9th, 1931, carrying forward and retaining the seniority rules of the old agreement of August 1, 1929. This agreement is still in full force and effect, never having been legally abrogated.

"(3) Alternative agreements are alleged; whether or not the proof will sustain the allegation is a question to be considered at the conclusion of the trial on the merits."

The previous written opinion in support of the view that the original agreement of August 1, 1929, was dead as of February 7, 1931, is reiterated. D. C., 30 F. Supp. 909. Therefore the court's finding now is again that the original agreement of August 1, 1929, is not "still in full force and effect."

We shall now consider the second position of plaintiff as stated above. A reading of both the original and amended com-

plaints shows the main purpose to be that of establishing a cause of action based on the contract of August 1, 1929. A study of Award No. 281 discloses the agreement of August 1, 1929, to be the sole predicate of plaintiff's position before the National Railroad Adjustment Board, Second Division.

On October 20, 1937, plaintiff and carrier entered into an agreement which has remained in operation until this date. In that agreement, at page 43 thereof, we find the following: "These General and Special rules constitute the Agreement between the Louisiana & Arkansas Railway Company and its shop employes represented by System Federation No. 59, Mechanical Section, Railway Employes Department, American Federation of Labor, covering rules, working conditions and rates of pay, and covers all understandings now in effect, and supersedes rules posted February 9th, 1931, and will remain in effect until after thirty (30) days written notice served by one party on the other, or in accordance with procedure outlined by the Railway Labor Act [45 U.S.C.A. § 151 et seq.]."

 This was collective bargaining, and the various plaintiffs herein were bound. It follows from the plain reading that any and all claims for damages for violation of seniority rights are foregone and canceled, certainly as far back as February 9, 1931.

Seniority rights of previous employees were not preserved and carried forward in the contract of February 9, 1931. One must realize that employees and carriers fundamentally must still be controlled by some semblance of contract. The contracts herein are written; plaintiffs' supposed seniority rights are not specifically preserved and recognized.

The court believes that a number of phases of its previous written opinion are additionally applicable to show that plaintiff is without a cause of action even after permitting its amended complaint.

Now, as to the third position, the court is of the opinion plaintiffs have no cause of action under either one of the alternative agreements, that of August 1, 1929 and that of February 9, 1931. In the collective bargaining of October 20, 1937, plaintiff's particular rights were omitted, without special and specific reservation. Rules were established for the future only.

Motion for rehearing is refused; motion to dismiss is again sustained, and judgment will be signed accordingly.